IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REBECCA LUCCIA<br>1039 N. Charlotte Street<br>Pottstown, PA 19464<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MONTGOMERY COUNTY<br>INTERMEDIATE UNIT<br>2 West Lafayette Street<br>Norristown, PA 19401<br><br>　　　　　Defendant. | CIVIL ACTION<br><br>No.: _____<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

### CIVIL ACTION COMPLAINT

Rebecca Luccia (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.  Plaintiff has initiated this action to redress violations by Montgomery County Intermediate Unit (*hereinafter* referred to collectively as "Defendant") of the Americans with Disabilities Act, as amended ("ADA" – 42 U.S.C. §§ 12101 *et seq*.) and the Pennsylvania Human Relations Act ("PHRA").[1]  As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes.  She is required to wait 1 full year before initiating a lawsuit from the date of dual-filing with the EEOC.  Plaintiff must however file her lawsuit in advance of same because of the date of issuance of his federal right-to-sue letter under the ADA.  Plaintiff's PHRA claims however will mirror identically her federal claims under the ADA.

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3. This Court my properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant residents of the Eastern District of Pennsylvania.

5. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said Charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted her administrative proceedings before initiating this action under the ADA by timely filing her Charge with the EEOC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

**PARTIES**

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant is one of 29 intermediate units established by the Pennsylvania State Legislature in 1971 to provide local school districts with support as regional education service

agencies. The services Defendant provides includes, but is not limited to, Early Childhood Education and Head Start Programs.

9. At all times relevant herein, Defendant acted by and through its agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff was employed with Defendant as a teacher in Defendant's Office of Early Childhood Education's Head Start Program at Defendant's Norristown location.

12. Plaintiff worked in this position from September 9, 2019 until her unlawful termination on January 9, 2020.

13. Plaintiff was primarily supervised by Defendant's Education Supervisor, Nicole Buckley (*hereinafter* "Buckley"), and Defendant's Program Administrator, Paula Rice (*hereinafter* "Rice").

14. At all relevant times during Plaintiff's employment with Defendant, Plaintiff suffered from serious and long-term back disabilities, including Disc Degeneration, Cervicalgia, Lumbalgia, Thoracic spine pain and Dysfunction of the Sacrum. Plaintiff also suffered from diabetic conditions.

15. As a result of Plaintiff's aforesaid back conditions, Plaintiff at times suffers from soreness, stiffness, and aching/acute pain, which (at times) limits her ability to perform daily life activities including, standing at times, intense physical activity, lifting at times, bending at times, and walking at times – among other daily life activities. Plaintiff is also limited at times in her

ability to regulate her blood sugar and suffers from other complications related to her diabetic conditions, including body shakes and dizziness at times when her symptoms are elevated.

16. Plaintiff's back conditions became exacerbated at the end of December 2019 following a motor vehicle accident.

17. Despite her aforementioned health conditions and limitations, Plaintiff was still able to perform the duties of her job well with Defendant; however, Plaintiff did require reasonable medical accommodations at times (discussed further *infra*).

18. Less than one week prior to Plaintiff's termination from Defendant, Plaintiff informed Buckey and Rice of her aforesaid disabilities and further requested several reasonable accommodations due to her disabilities.

19. Plaintiff specifically requested that she be permitted to sit when necessary to alleviate her back pain, that she be permitted to bring a ball chair to sit on at work to help alleviate her back pain, as well as the ability to take breaks as needed to administer medication. Plaintiff also requested permission to bring her own food in from home to consume at work as Defendant's policy required that all teaching staff eat the food that Defendant provided to the children. However, Defendant's food was not conducive to the special dietary needs Plaintiff had associated with her diabetic condition.

20. Approximately **three days** following Plaintiff's request for reasonable accommodations and after advising her managers of her disabilities, Plaintiff was abruptly pulled into a meeting with Buckey, Rice and Defendant's Human Resource Manager, Jack Herd and was terminated with no prior warning. During the meeting, Plaintiff was informed that she was being terminated for performance reasons. When Plaintiff asked for clarification, Plaintiff was informed

that she was being terminated for failure to turn in evaluations in a timely manner, failure to follow suggested naptime activities and for failure to follow the classroom schedule provided.

21. The reasons given to Plaintiff for her termination were completely pretextual as Plaintiff had always followed all recommendations and directions provided to her concerning classroom schedule, suggested naptime activities, was never given a specific timeline to return the evaluation forms but always turned them in as promptly as possible. Moreover, on approximately December 19, before Plaintiff informed Defendant of her disabilities and need for reasonable accommodations, Rice conducted a classroom observation of Plaintiff's class. On that same day, following Rice's observation of Plaintiff's classroom, Rice met with Plaintiff and informed her that she was impressed with the progress Plaintiff had made in her classroom, was pleased with the her observations of Plaintiff's classroom and further advised Plaintiff that the general consensus among management was that Plaintiff was moving in a very positive direction as a new teacher with Defendant. Furthermore, the same week that Plaintiff was terminated, another manager within Defendant did a classroom observation of Plaintiff's class and gave Plaintiff a positive assessment.

22. Plaintiff therefore believes and avers that she was terminated from her employment with Defendant because of her known, perceived, and/or record of disabilities and/or in retaliation for requesting reasonable medical accommodations.

**COUNT I**
**Violations of the American's with Disabilities Act, as amended ("ADA")**
**(Actual/Perceived/Record of Disability Discrimination; Retaliation)**

23. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

24. At all relevant times during Plaintiff's employment with Defendant, Plaintiff suffered from serious and long-term back disabilities, including Disc Degeneration, Cervicalgia, Lumbalgia, Thoracic spine pain and Dysfunction of the Sacrum. Plaintiff also suffered from diabetic conditions.

25. As a result of Plaintiff's aforesaid back conditions, Plaintiff at times suffers from soreness, stiffness, and aching/acute pain, which (at times) limits her ability to perform daily life activities including, standing at times, intense physical activity, lifting at times, bending at times, and walking at times – among other daily life activities. Plaintiff is also limited at times in her ability to regulate her blood sugar and suffers from other complications related to her diabetic conditions, including body shakes and dizziness at times when her symptoms are elevated.

26. Despite her aforementioned health conditions and limitations, Plaintiff was still able to perform the duties of her job well with Defendant; however, Plaintiff did require reasonable medical accommodations at times (as outlined above).

27. Less than one week prior to Plaintiff's termination from Defendant, Plaintiff informed Buckey and Rice of her aforesaid disabilities and further requested several reasonable accommodations due to her disabilities.

28. Plaintiff specifically requested that she be permitted to sit when necessary to alleviate her back pain, that she be permitted to bring a ball chair to sit on at work to help alleviate her back pain, as well as the ability to take breaks as needed to administer medication. Plaintiff also requested permission to bring her own food in from home to consume at work as Defendant's policy required that all teaching staff eat the food that Defendant provided to the children. However, Defendant's food was not conducive to the special dietary needs Plaintiff had associated with her diabetic condition.

29. Approximately three days following Plaintiff's request for reasonable accommodations and after advising her managers of her disabilities, Plaintiff was abruptly pulled into a meeting with Buckey, Rice and Defendant's Human Resource Manager, Jack Herd, and was terminated with no prior warning for pretextual reasons.

30. Plaintiff believes and avers that she was terminated from her employment with Defendants because of [1] her known and/or perceived disabilities; [2] her record of impairment; and [3] in retaliation for her requests for reasonable medical accommodations

31. These actions as aforesaid constitute unlawful discrimination and retaliation, under the ADA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation/discrimination at the hands of Defendant until the date of verdict;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

  D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

  E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law.

           Respectfully submitted,

           **KARPF, KARPF & CERUTTI, P.C.**

    By: _____
           Ari R. Karpf, Esq.
           Julia W. Clark, Esq.
           3331 Street Road
           Two Greenwood Square
           Building 2, Ste. 128
           Bensalem, PA 19020
           (215) 639-0801

Dated: September 29, 2020

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Rebecca Luccia | : | CIVIL ACTION |
| v. | : | |
| Montgomery County Intermediate Unit | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 9/30/2020 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __1039 N. Charlotte Street, Pottstown, PA 19464__

Address of Defendant: __2 West Lafayette Street, Norristown, PA 19401__

Place of Accident, Incident or Transaction: __Defendant's place of business__

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes [ ]   No [X]

I certify that, to my knowledge, the within case  [ ] is / [X] is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __9/30/2020__   _____/s/_____   __ARK2484 / 91538__
              *Attorney-at-Law / Pro Se Plaintiff*            *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
[ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
[ ] 2. FELA
[ ] 3. Jones Act-Personal Injury
[ ] 4. Antitrust
[ ] 5. Patent
[ ] 6. Labor-Management Relations
[X] 7. Civil Rights
[ ] 8. Habeas Corpus
[ ] 9. Securities Act(s) Cases
[ ] 10. Social Security Review Cases
[ ] 11. All other Federal Question Cases
   *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
[ ] 1. Insurance Contract and Other Contracts
[ ] 2. Airplane Personal Injury
[ ] 3. Assault, Defamation
[ ] 4. Marine Personal Injury
[ ] 5. Motor Vehicle Personal Injury
[ ] 6. Other Personal Injury *(Please specify):* _____
[ ] 7. Products Liability
[ ] 8. Products Liability – Asbestos
[ ] 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf__, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __9/30/2020__   _____/s/_____   __ARK2484 / 91538__
              *Attorney-at-Law / Pro Se Plaintiff*            *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44  (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LUCCIA, REBECCA

**DEFENDANTS**
MONTGOMERY COUNTY INTERMEDIATE UNIT

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- 1 U.S. Government Plaintiff
- **X** 3 Federal Question *(U.S. Government Not a Party)*
- 2 U.S. Government Defendant
- 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

*CIVIL RIGHTS*
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- **X** 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

*PERSONAL INJURY*
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

*PRISONER PETITIONS*

**Habeas Corpus:**
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty

**Other:**
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- **X** 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from Another District *(specify)*
- 6 Multidistrict Litigation - Transfer
- 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101)

Brief description of cause:
Violations of ADA and PA Human Relations Act.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** **X** Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 9/30/2020

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

[Print]  [Save As...]  [Reset]